IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ZOSTAVAX (ZOSTER VACCINE LIVE) PRODUCTS LIABILITY LITIGATION | : : : : : | MDL NO. 2848 |
| THIS DOCUMENT RELATES TO: DONALD THERING, et al. v. MERCK & CO., INC., et al. | : : : : : : : | CIVIL ACTION NO. 18-20226 |

MEMORANDUM IN SUPPORT OF PRETRIAL ORDER NO. 203

Bartle, J.                                       August 30, 2019

Donald Thering brings this diversity action as part of MDL 2848 against defendants Merck & Co., Inc. and Merck Sharp & Dohme Corp. (collectively "Merck") seeking damages for injuries allegedly suffered from Zostavax, a shingles vaccine.

On May 2, 2019, the court issued Pretrial Order 172 dismissing the complaint in this action along with over 100 other complaints in MDL 2848 for failure to comply with Rules 8(a) and 9(b) of the Federal Rules of Civil Procedure. Pretrial Order 172 also provided that any action in which an amended complaint was not filed within 30 days would be dismissed with prejudice.

Plaintiff Donald Thering died on or about May 17, 2018. His attorney filed a motion for leave to amend the pleadings pursuant to Rule 15(a)(2) to "substitute the proper party for

the Plaintiff - Plaintiff's son, successor, and/or representative Peter Thering" on May 21, 2019.[1] On May 28, 2019, before defendants had responded and before the court had ruled on the Rule 15(a) motion, the attorney filed the proposed amended complaint. Presumably, the amended complaint was filed to comply with Pretrial Order 172 and prevent dismissal of the action.

Defendants oppose plaintiff's Rule 15(a) motion on the grounds that the proposed substitution is improper under New York's survival statute and the proposed amendment would be futile. Defendants also seek dismissal of the filed amended complaint for the same reasons. The parties agree that New York law applies.

Rule 25(a) of the Federal Rules of Civil Procedure provides that the court may order substitution of the proper party "if a party dies and the claim is not extinguished." Fed. R. Civ. Pro. 25(a)(2). It further provides that "a motion for substitution may be made by any party or by the decedent's successor or representative." Id.

---

1. While the motion also seeks leave to add a claim for wrongful death, plaintiff has not included such any such claim in the proposed amended complaint. We will therefore deny the motion to the extent it seeks to add a claim for wrongful death.

Rule 15(a)(2) permits plaintiffs to amend their pleadings with leave of court, which courts should freely give "when justice so requires." Fed. R. Civ. Pro. 15(a)(2). However, a court will not grant leave to amend where the amendment would be futile. Foman v. Davis, 371 U.S. 178, 182 (1962).

New York's survival statute provides that "[n]o cause of action for injury to person or property is lost because of the death of the person in whose favor the cause of action existed. For any injury an action may be brought or continued by the personal representative of the decedent. . . ." N.Y. E.P.T.L. § 11-3.2. However, a party may not continue the cause of action under New York law merely because he is the beneficiary of the decedent's estate. As the New York Court of Appeals has explained,

> It is well settled that a beneficiary, absent extraordinary circumstances such as when a fiduciary unreasonably refuses to act . . . cannot act on behalf of the estate or exercise the fiduciary's rights with respect to estate property, even if beneficiary and fiduciary are one and the same person.

Jackson v. Kessner, 206 A.D.2d 123, 127 (N.Y. 1994). Instead, the party must be appointed as the representative of the descendant's estate in order to bring a claim on the decedent's behalf. Stallsworth v. Stallsworth, 138 A.D.3d 1102, 1103 (N.Y. App. Div. 2016). A party who is not the appointed

-3-

representative lacks standing to continue the action. See Schoeps v. Andrew Lloyd Webber Art Found., 66 A.D.3d 137, 137 (N.Y. 2009).

Peter Thering cannot maintain that he is the appointed representative of his deceased father's estate simply by claiming to be his son or beneficiary. He has not provided proof that he was appointed by a New York court as executor or personal representative of his father's estate. As a mere beneficiary, he "cannot act on behalf of" his father's estate. See Jackson v. Kessner, 206 A.D.2d 123, 127 (N.Y. 1994). As pleaded in the proposed amended complaint, he does not have standing to continue this action on behalf of his father under New York law. Thus, the proposed substitution would be futile.

The court will defer ruling on the pending motion for 30 days. If during that period Peter Thering files proper documentation that he is the personal representative of Donald Thering's estate under New York law, the motion to for leave to amend will be granted. If he fails to do so, the motion will be denied and the complaint will be dismissed with prejudice.